IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


SOUTHERN DESIGN AND MECHANICAL, INC.                              PLAINTIFF


V.                              CASE NO. 09-CV-1014


SIMS PUMP VALVE, CO., INC.                                       DEFENDANT


## ORDER

Before the Court is a Motion for Summary Judgment, filed by Plaintiff Southern Design and Mechanical, Inc. ("Southern Design"), seeking to dismiss Defendant Sims Pump Valve, Co.'s ("Sims Pump") counter-claim for breach of contract.  (Doc. 31).  Defendant has responded.  (Doc. 35).  Plaintiff has replied to Defendant's response.  (Doc. 40).  The Court finds this matter ripe for consideration.

## I.  BACKGROUND

This lawsuit arose from a purchase order issued by Southern Design to Sims Pump on April 3, 2008.  Under the terms of the order, Southern Design required four custom built pumps.  Souther Design was acting as the purchasing agent for Chemtura.  The total purchase price of the pumps was $205,960.  Subsequent to the original order, Chemtura requested that the pumps be made of Monel as opposed to stainless steel.  Sims Pump informed Southern Design that the four pumps had already been manufactured as stainless steel and would therefore require additional time and costs[1] to change the order.

On October 3, 2008, Southern Design contacted Sims Pump and notified it that it was

_____

[1]The extra cost was valued at $42,112 less a commission of $2,105.

cancelling the purchase order.  Sims Pump alleges that it demanded payment from Southern Design and notified it that the pumps were complete and ready for delivery.  Southern Design and Chemtura both refused to pay for the pumps.  Sims Pump asserts that Southern Design owes it $205,960 less the agreed-upon-commission of $20,596, in addition to the added expenses that occurred due to the change in the order in the amount of $42,112 less the commission.[2]  Sims Pump further asserts that it attempted to mitigate its damages by directly contacting Chemtura to sell it the four custom made pumps.  Chemtura agreed to purchase the pumps but required delivery of one pump in 2008 with delivery of the rest of the pumps to occur in 2009.  Chemtura agreed to pay for the pumps upon delivery.  Chemtura eventually accepted and paid for three pumps but never accepted or paid for the fourth pump.  Chemtura filed for bankruptcy and the damages relating to the fourth pump are being litigated in bankruptcy court.

Sims Pump originally filed suit against Southern Design in the District Court of New Jersey for breach of contract.  Sims Pump states that it tried to transfer the case from the District Court of New Jersey to this Court; however, that motion was denied by the District Court of New Jersey.  Sims Pump further states that after its Motion to Transfer was denied, it voluntarily dismissed its case.  Southern Design then brought suit against Sims Pump in this Court alleging tortious interference with a business expectancy, violation of the Arkansas Deceptive Trade Practices Act, unjust enrichment, and breach of contract.  Sims Pump filed its answer and asserted several counterclaims against Southern Design.  Sims Pump's counterclaims are for breach of contract and unjust enrichment for services rendered, and it seeks damages for the price of goods sold to Southern Design.  The Court will now decide Southern Design's Motion for

---

[2]The total amount being sought is $225,371.

Summary Judgment, which seeks to dismiss Sims Pump's counterclaims.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party.  *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.   A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III.  DISCUSSION

Plaintiff Southern Design and Mechanical seeks to dismiss Defendant Sims Pump's counterclaims under the theory that Sim Pump's subsequent contract with Chemtura constituted a novation, thereby canceling the contract between Southern Design and Sims Pump.  Arkansas

allows for a substituted contract defense, which is similar to the defense of novation.  *See Haskins Law Firm v. American Nat'l Property and Cas. Co.*, 804 S.W.2d 714, 716 (Ark. 1991). The substituted contract defense may be raised by a co-obligor to the original contract only if the obligee accepts the subsequent agreement that is signed by the other obligor as a substitute to the original agreement.  *See National American Ins. v. Hogan*, 173 F.3d 1097, 1105 (8th Cir. 1999) (using Arkansas law); *see also Haskins Law Firm v. American Nat. Property and Cas. Co.*, 804 S.W.2d 714, 716-17 (Ark. 1991).  In order to maintain a substituted contract defense, the party must prove by a preponderance of the evidence:  1) the existence of a previous valid contract, 2) that the parties agreed to a new contract, 3) that the parties formed a valid new contract, and 4) that the parties intended to extinguish the old contract and substitute the new contract.  *See Hogan*, 173 F.3d at 1105.  The Eighth Circuit Court of Appeals has held that a court may look at the intent of the parties to see if they intended to extinguish their old contract and replace it with a new contract.  *See id*. at 1107 (holding that there was not enough substantial evidence presented to overturn a jury finding that a subsequent contract was a novation of a previous contract).

Southern Design argues that Sims Pump's subsequent contract with Chemtura constituted a cancellation of the contract between the two parties.  However, Sims Pump argues that it continued to make demands upon Southern Design to fulfill its requirements under their original contract.  Even when Sims Pump made a contract to sell the custom pumps directly to Chemtura, Sims Pump alleges that it continued to make demands on Southern Design for the full contract price.  Sims Pump asserts that, because it continued to make demands on Southern Design, its new contract with Chemtura was never meant to extinguish the original contract with Southern Design.

-4-

In viewing the facts in the light most favorable to Sims Pump, the nonmoving party, there remains a genuine issue of material fact.  In order for their to be a valid novation or substituted contract defense, there must be a new contract and the parties must agree that the new contract extinguishes the former contract.  *See id*. at 1105.  Sims Pump continued to make demands upon Southern Design to abide by the terms of their contract and to pay for the custom pumps that it had ordered.  Even when Sims Pump and Chemtura contracted to sell the pumps, Sims Pump continued to make demands on Southern Design to meet its obligation under the terms of their contract, because its contract with Chemtura was substantially different than the contract with Southern Design.  Furthermore, Sims Pump asserts that it was never its intent to release Southern Design from its contract when Sims Pump made a new contract with Chemtura.  Therefore, a question of fact remains as to whether Sims Pump meant for the subsequent contract with Chemtura to act as a novation and extinguish the contract it had with Southern Design.  Thus, Southern Design's Motion for Summary Judgment should be denied.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion for Summary Judgment to dismiss Defendant's counterclaims should be and hereby is **DENIED**.

IT IS SO ORDERED, this 19th day of April, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
Unites States District Judge